## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5293 | **DATE** | 12/4/2002 |
| **CASE TITLE** | Robin Craddock vs. American Airlines | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion tod dismiss (5) is granted. Counts II and III of the complaint are dismissed. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 05 2002 | |
| | Notified counsel by telephone. | | date docketed | 11 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 DEC -4 PM 3:55 | date mailed notice | |
| SLB | courtroom deputy's initials | date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ROBIN CRADDOCK )
 )
        Plaintiff, )
 ) No. 02 C 5293
    -vs- )
 ) JUDGE GEORGE W. LINDBERG
AMERICAN AIRLINES )
 )
        Defendant. )

**DOCKETED**

**DEC 0 5 2002**

## MEMORANDUM OPINION AND ORDER

Plaintiff Robin Craddock filed a complaint alleging claims against defendant American Airlines for sexual discrimination (Count I), a sexually hostile working environment (Count II), and retaliation (Count III), in violation of 42 U.S.C. § 2000 *et seq*. Defendant has moved for dismissal of Counts II and III of the complaint on the ground that they exceed the scope of plaintiff's charge filed with the Illinois Department of Human Rights (IDHR) and the Equal Employment Opportunity Commission (EEOC). *See* Fed. R. Civ. P. 12(b)(6).

Plaintiff began working for defendant as a probationary facilities mechanic on November 20, 2000. The first six months of her employment was considered a probationary period, during which time she was told she would be evaluated after thirty, ninety, and one-hundred fifty days. However, plaintiff was not evaluated until her one-hundred fifty day performance review. Three male probationary facilities mechanics working with plaintiff were each evaluated after thirty and ninety days. Plaintiff alleges that although she performed in a similar manner to her three male co-workers, she received an unsatisfactory evaluation for her one-hundred fifty day review while her co-workers received satisfactory evaluations.

At the end of the six month probationary period, defendant gives all probationary employees a test. Any employee who fails this test is terminated. Plaintiff alleges that as a result of sexual discrimination, she was not given the same opportunity to improve and strengthen weaknesses as was provided to her co-workers due to defendant's failure to provide her with thirty and ninety day evaluations.

From approximately January 1, 2001 through April 30, 2001, plaintiff was supervised two days a week by one of her crew chiefs, Tim Conley. Plaintiff alleges that during this period, Mr. Conley gave instructions and conversed with the male employees but completely ignored her. During this period, plaintiff also alleges that she was required to perform a test with doors by herself while her male co-workers were able to perform the test with a partner. As a result, plaintiff alleges she was wrongly and negatively evaluated by Mr. Conley due to taking too long to complete the test. Plaintiff further alleges several instances that created a hostile working environment, including: (1) a male co-worker intentionally slamming a door into her to knock her off-balance, (2) her night supervisor Mr. Hilton's comment "I was wondering if you were welding or baking some cakes," and (3) Mr. Conley ignoring her when she tried to ask questions which she was encouraged to ask as part of her training process. Plaintiff alleges that from the time defendant first became aware that she was being discriminated against due to her sex, it took forty-five days before it took any action to improve the environment for her.

On April 17, 2001, plaintiff filed her charge of sex discrimination at the IDHR and the EEOC. On May 2, 2001, plaintiff was informed that she was scheduled to take the test on May 17, 2001, which she was required to pass to keep her job. After being informed that she was to

02 C 5293

take the test a day early on May 16, 2001, plaintiff took the exam and was informed she failed for performing it incorrectly, though she alleges she performed it correctly. When plaintiff asked for an explanation of how her test was incorrect, she never received a response. Plaintiff was terminated on May 16, 2001.

Plaintiff filed a complaint alleging sex discrimination, a hostile working environment, and retaliation against her for filing a charge with the IDHR and the EEOC. In order to bring a claim under Title VII in a court action plaintiff must have included that claim in her underlying EEOC charge. *McKenzie v. Illinois DOT*, 92 F.3d 473, 481 (7th Cir. 1996). If the claim is not specifically made in the charge, the claims in the complaint must be "like or reasonably related to the allegations" of the underlying EEOC charge and grow out of those allegations. *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976). When a plaintiff's claim in a federal case is not like or reasonably related to the underlying EEOC charge, that claim will be dismissed pursuant to Fed. R. Civ. P. 12(b). *McKenzie*, 92 F.3d at 481.

Plaintiff's charge alleges:

A. ISSUE/BASIS

RECEIVED A POOR PERFORMANCE REVIEW ON MARCH 30, 2001, BECAUSE OF MY SEX, FEMALE.

B. PRIMA FACIE ALLEGATIONS

1. My sex is female.

2. I have satisfactorily performed my duties as a Probationary Facilities Mechanic since November 20, 2000.

3. On or about March 30, 2001, I was notified by Jack Hilton (male), Customer Service Manager, that my 150 day performance review was unsatisfactory.

3

> Hilton stated that I had not worked on enough "major projects" alone, and that no one has ever received a satisfactory review [sic]. Hilton failed to issue me a copy of the written performance review.
>
> 4. I believe that similarly situated, male, probationary Facilities Mechanics, such as Mark Chineworth, Derrick Carr, and Randy Clark, performed in a manner similar to mine, but they were not given an unsatisfactory performance review.

Defendant moves to dismiss Count II of plaintiff's complaint which alleges a sexually hostile work environment because it is not like or reasonably related to the charge. Although sex harassment is a form of sex discrimination, "a claim of sex discrimination in an EEOC charge and a claim of sex discrimination in a complaint are not alike or reasonably related just because they both assert forms of sex discrimination." *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994). "The claims are not alike or reasonably related unless there is a factual relationship between them. This means that the EEOC charge and the complaint must at a minimum describe the *same conduct* and implicate the *same individuals*." *Id.* In this case, plaintiff alleged a sexually hostile working environment for the first time in her complaint and, therefore, must satisfy the like or reasonably related test. Plaintiff asserts that Mr. Conley, who gave her a poor evaluation, was the same individual who contributed to the hostile working environment alleged above by ignoring her questions with regard to her training. Mr. Conley's actions, therefore, are to be taken as an indication of his thought process and as further proof of the hostile environment that plaintiff was forced to work in. Plaintiff also argues that in the same month Mr. Hilton, who subsequently gave her the poor 150 day performance review, the sole subject of the charge, was influenced by Mr. Conley's biased evaluation, which provides the necessary link. Plaintiff therefore argues that there is sufficient relationship between her charge

02 C 5293

and her complaint.

Plaintiff's position would allow numerous and varied claims to be brought in a federal complaint that were not alleged in a plaintiff's charge to the EEOC, based simply on the fact that the additional claims involve a person named in the EEOC charge. As stated above, the complaint must implicate the same conduct, and not merely the same individuals, alleged in the charge in order to have a common basis. *Id.* In addition, plaintiff's charge does not describe any events that could be construed as harassing in nature. To show a hostile work environment, plaintiff needs to allege that she was subjected to "unwelcome sexual harassment in the form of sexual advances, requests for sexual favors or other verbal or physical conduct of a sexual nature . . . ." *Rennie v. Dalton*, 3 F.3d 1100, 1107 (7th Cir. 1993). The sexual harassment claims in the complaint are therefore not reasonably related to the claims made in the EEOC charge. Accordingly, defendant's motion to dismiss Count II of the complaint is granted.

Defendant also moves to dismiss Count III of the complaint, which alleges retaliation, because it is not like or reasonably related to the charge. Retaliation is an "adverse consequence deliberately attached to the exercise of a right protected by law." *O'Rourke v. Continental Casualty Co.*, 983 F.2d 94, 97. Plaintiff's EEOC charge only alleges that she received a bad review based on her sex, it does not allege that she received a bad review because of exercising a protected right.

Plaintiff argues that she was not fired before she filed her charge and, therefore, was unable to claim retaliation at that point. Further, plaintiff argues that filing a charge with the EEOC is itself a protected activity, and if the employer takes an adverse action against an

5

02 C 5293

employee for this activity, then retaliation is a proper count in the federal lawsuit. *Davidson v. Midelfort Clinic, Ltd.*, 133 F.3d 499, 511 (7th Cir. 1998). Plaintiff is confusing what is protected with what must be done to avail herself of the protection. Plaintiff could have filed a new charge or could have amended the original charge to make her retaliation claim before the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1). This is a necessary and preferred option in that "[a]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *O'Rourke*, 983 F.2d at 97 (quoting *Steffen*, 859 F.2d 534, 544-45). Therefore, plaintiff's argument is without merit. Accordingly, defendant's motion to dismiss Count III of plaintiff's complaint alleging retaliation is granted.

ORDERED: Defendant's motion to dismiss [5] is granted. Counts II and III of the complaint are dismissed.

ENTER:

GEORGE W. LINDBERG
Senior United States District Judge

DATED: DEC 0 4 2002

6